JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 12-00504 RGK<br>CR 09-00266-RGK | Date | May 3, 2012 |
|---|---|---|---|
| Title | **MOSES TREJO v. ARCOLA WASHINGTON-ADUCCI, WARDEN, F.C.I. TERMINAL ISLAND** | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**       **(IN CHAMBERS)** Order Re Petition for Writ of Habeas Corpus (DE 1)

On August 17, 2009, the United States District Court sentenced Moses Trejo ("Petitioner") to a 60-month term of imprisonment for violating 18 U.S.C. § 922(g)(1) (felon in possession of a firearm). As a result, Petitioner is now a Bureau of Prisons ("BOP") inmate incarcerated at the Federal Correctional Institution located in Terminal Island.

On January 19, 2012, Petitioner filed a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner seeks relief based on Respondent's denial of early release under 18 U.S.C. § 3621(e), which allows for such release upon successful completion of the Residential Drug Abuse Treatment Program ("RDAP"). Respondent asserts that the Court lacks subject matter jurisdiction over this matter pursuant to 18 U.S.C. § 3625. Upon review of both the Petition and Respondent's Answer, the Court agrees with Respondent.[1]

In *Reeb v. Thomas*, the Ninth Circuit cites to § 3621 and states, "[d]etermining which prisoners are eligible to participate in RDAP is within the discretion of the BOP,. . ., as is the decision to grant or deny eligible prisoners sentence reductions upon successful completion of the program." 636 F.3d 1224, 1226 (9th Cir. 2011). The court then holds that the plain language of 18 U.S.C. § 3625 bars application of the Administrative Procedure Act's ("APA") judicial review provisions from "any determination, decision, or order" made pursuant to 18 U.S.C. § § 3621-3624. *Id*. at 1227.

According to the record, on December 8, 2010, the Drug Abuse Program Coordinator conducted a clinical interview of Petitioner and concluded that Petitioner was eligible for participation in the

---

[1] Petitioner's Reply to Respondent's Answer was due on April 23, 2012. Court records show that, to date, Petitioner has not filed his Reply.

RDAP. (Phillips Decl., ¶ 10D.) Petitioner was then reviewed for § 3621(e) early release. *Id*. On January 11, 2011, the legal department at the BOP's Designation and Sentence Computation Center completed an offense review for Petitioner and found that he is precluded from early release due to his offense conviction for Felon in Possession of a Firearm. (Phillips Decl., ¶ 10E.) It is this determination that forms the ground on which Petitioner seeks § 2241 relief. As BOP's determination of eligibility to participate in RDAP and eligibility for early release fall squarely within § 3621(e), the APA bars any judicial review of such decision.[2]

Based on the foregoing, the Court finds that it lacks jurisdiction to adjudicate the merits of Petitioner's habeas petition, and dismisses the action for lack of subject matter jurisdiction.

**IT IS SO ORDERED**.

_____ : _____

Initials of Preparer                    slw
_____

---

[2] The Ninth Circuit held that judicial review remains available for allegations that BOP action, as generally applied, is contrary to established federal law, violated the U.S. Constitution, or exceeds its statutory authority. *Reeb*, 636 F.3d at 1228. As in *Reeb*, however, this current action involves only allegations that BOP erred in Petitioner's individualized case.